UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SCOTT L. NOKES,

Plaintiff,

v.

UNITED STATES COAST GUARD,
THE HONORABLE RODNEY E. SLATER,
CAPTAIN WARREN G. SCHNEEWEIS,

Defendants.

---

Civil File No. 00-2737 (PAM/JGL)

ORDER

Plaintiff commenced this action on December 20, 2000, by filing a complaint alleging that Defendants wrongfully failed to promote him to a higher rank within the United States Coast Guard. However, Plaintiff has not tendered the $150 filing fee for this action that is required by 28 U.S.C. § 1914(a), claiming that he should be excused from the filing fee requirement pursuant to 28 U.S.C. § 1916. That statute provides that –

> "In all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor."

Assuming that the benefits of § 1916 are not limited to civilian seamen, but are also fully available to seamen who are employed by the United States Government (such as Plaintiff),[1] the Court finds that the statute still is not applicable here. The statute

---

[1] The Court has not been able to locate even one reported federal court case in which an individual employed by the United States Government has been allowed to proceed under § 1916. Thus, while the statute is not expressly limited to privately employed seamen, the Court questions whether Congress actually intended § 1916 to apply to a Coast Guard Officer such as Plaintiff.

FILED DEC 29 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

does not apply, because Plaintiff's claim is not for "wages or salvage or the enforcement of laws enacted for [his] health or safety." He is instead seeking a promotion to a higher rank, alterations to his "official military record," and the cessation of certain allegedly unlawful actions by Defendants.

Although there does not appear to be any federal case law interpreting the phrase "wages or salvage or the enforcement of laws enacted for [seamen's] health or safety," it is obvious that Congress intended to limit the types of seamen's suits that could be brought under § 1916. The Court finds that the language Congress chose to use in § 1916 is not broad enough to cover an action such as this one. This is not a wage or salvage dispute, nor does it involve any health or safety issues.[2] Therefore, § 1916 does not apply here.

Because Plaintiff cannot proceed under § 1916, he will have to either (a) pay the normal $150 filing fee required by 28 U.S.C. § 1914(a), or (b) seek leave to proceed <u>in forma pauperis</u>, ("IFP"), pursuant to 28 U.S.C. § 1915. If he pays the filing fee, a summons will be issued, and Plaintiff will have to make his own arrangements for service of process. If he applies for IFP status, the Court will review his IFP application and

---

[2] While it could perhaps be argued that Plaintiff might be entitled to back wages if he were somehow awarded a "retroactive promotion," that possibility should not bring this action within the scope of § 1916. Plaintiff has not even pleaded any specific claim for back wages. To the contrary, he has expressly pleaded that he is seeking "only equitable relief." (Complaint, p. 4, ¶ 8.) He also has expressly pleaded that "this action is not about money, it technically is an action to correct his military record." (Complaint, p. 14, ¶ 30.) Furthermore, any award of back wages would be merely a collateral remedy for a successful promotion claim. As noted in the text -- and as Plaintiff himself has candidly acknowledged in his complaint -- this action is not about unpaid wages; it is about an unawarded promotion.

determine whether leave to proceed IFP should be granted. If Plaintiff does not pay the full filing fee, or submit a properly completed IFP application, by January 23, 2001, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed, without prejudice, for failure to prosecute. See Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff shall not be allowed to prosecute this action under 28 U.S.C. § 1916; and

2. On or before January 23, 2001, Plaintiff must either pay the full $150 filing fee for this action or submit a properly completed IFP application demonstrating that he is eligible to proceed under 28 U.S.C. § 1915(a); and if he fails to comply with this requirement, it will be recommended that this action be summarily dismissed without prejudice.

Dated: Dec. 29, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge